Peter J. Van Zandt – SBN 152321
Brian S. Whittemore – SBN 241631
BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Telephone:  (415) 981-5411
Facsimile:  (415) 981-0352

Attorneys for Defendant CITIMORTGAGE, INC.

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM QUACH, | No.  3:09-CV-05607 EDL |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| CITIMORTGAGE, INC., and LENDER DOE | |
| Defendants. | **[FRCP 12(b)(6)]** |
| | Date:   May 5, 2010 |
| | Time:   9:00 a.m. |
| | Crtrm:  3 |
| | Judge:  Hon. Phyllis J. Hamilton |
| | |
| | Complaint Filed:  November 25, 2009 |

**TO THE COURT AND PLAINTIFFS HEREIN:**

**PLEASE TAKE NOTICE** that on May 5, 2010 at 9:00 a.m., or as soon thereafter as the

matter may be heard, in Courtroom 3 of the above entitled Court located at 1301 Clay Street, 3rd

1

1   Floor, Oakland, CA 94612, Defendant CITIMORTGAGE, INC. ("Citimortgage") and will

2   hereby do move the Court to dismiss Plaintiff KIM QUACH'S ("Plaintiff") Complaint with

3   prejudice.  This Motion is further made and based upon Federal Rule of Civil Procedure 8(a),

4   9(b) and 12(b)(6) on the substantive grounds that allegations contained in Plaintiff's Complaint

5   fail to state a claim upon which relief can be granted.

6          This motion is based upon this Notice of Motion, the Memorandum of Points and

7   Authorities and upon all pleadings, papers, and documents on file herein, as well as any oral

8   argument which may be presented at the time of hearing or any matters of which judicial notice is

9   requested and/or is taken.

10

11  Dated:  April 6, 2010                          BLEDSOE, CATHCART, DIESTEL,
                                                    PEDERSEN & TREPPA LLP
12

13

14                                          By   _____
                                                    Peter J. Van Zandt
15                                                  Brian S. Whittemore
                                                    Attorneys for Defendant
16                                                  CITIMORTGAGE, INC.

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO DISMISS**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3    Plaintiff, Kim Quach, brings the instant alleged residential mortgage fraud action against

4    Defendant, Citimortgage, Inc. ("Citimortgage").  The parties are presently before the court on

5    defendant Citimortgage's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim

6    Upon Which Relief Can Be Granted.

7

### II.    BACKGROUND

8    **A.    FACTUAL SUMMARY**

9    Plaintiff concedes in her complaint that she entered into the loan referenced as CITI

10   servicing Loan Number 1119904971 (the "Subject Loan") secured by a first deed of trust on or

11   about August 24, 2007. (Complaint, ¶ 13.)  The Subject Loan was originated by ABN AMRO

12   Mortgage Group Inc. ("ABN"), with a principal of $265,500.00. (Id.)   The loan was a re-finance

13   on Plaintiff's principal residence (Complaint, ¶ 16) which, as evidenced by the promissory note

14   attached to the Complaint as exhibit "A," is located at 267 N. Capitol Ave, #233A, San Jose,

15   California, 95127 ("Subject Property.")  On or about July 3, 2009, Plaintiff claims to have sent a

16   letter to both ABN and Citimortgage purporting to be a Qualified Written request under RESPA

17   and notification that she was rescinding the Subject Loan under TILA. (Complaint, ¶ 24.)

18   Plaintiff's argument hinges on the claims that ABN failed to provide her with Notice of Right to

19   Cancel. (Complaint, ¶ 25.)  As alleged in the Complaint, Citimortgage is sued as a servicing

20   agent on the Subject Loan. (Complaint, ¶ 28.)

21   **B.    PROCEDURAL OVERVIEW**

22   ***State Court Complaint.***  On November 25, 2009, Plaintiffs filed a Complaint in the

23   United States District Court, Northern District of California against Citimortgage.  The

24   Complaint alleged six claims for: (1) Truth In Lending Act ("TILA") Violations; (2) RESPA

25   Violations; (3) Fair Debt Collection Practices Act Violations; (4) Violation of California

26   Business and Professions Code § 17200; (5) Slander of Credit and (6) Breach of the Covenant of

27   Good Faith and Fair Dealing.  Only claims (1) through (5) are directed at Citimortgage and those

28   claims are addressed in detail below.  By this action Plaintiff apparently seeks to enjoin

1   Defendant from proceeding with a properly noticed trustee's sale and rescind the loan.

2       **III.    LEGAL ARGUMENT**

3       Because the Complaint fails to allege facts sufficient to support a claim, it should be

4   dismissed in its entirety without leave to amend as against Defendant Citimortgage.

5       **A.    STANDARD ON MOTION TO DISMISS**

6           **1.    Rule 12(b)(6)**

7       Federal Rule of Civil Procedure 12(b)(6) authorizes a district court, upon motion of a

8   party, to dismiss a claim for "failure to state a claim upon which relief can be granted [.]"  To

9   survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to

10  state a claim to relief that is plausible on its face."  (*Bell Atl. Corp v. Twombly* (2007) 550 U.S.

11  544, 570.)  "Specific facts are not necessary; the statement need only give the defendant[s] fair

12  notice of what…the claim is and the grounds upon which it rests."  (*Erickson v. Pardus* (2007)

13  51 U.S. 89, 93.)  However, the plaintiff must establish that the allegations are pushed "across the

14  line from conceivable to plausible[.]" (*Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, 1949) (*quoting*

15  *Twombly*, 550 U.S. at 557.)  A claim has facial plausibility when the plaintiff pleads factual

16  content that allows the court to draw the reasonable inference that the defendant is liable for the

17  misconduct alleged." (*Id.*)  Furthermore, speculative and conclusory allegations are not entitled

18  to the presumption of veracity. "[T]he tenet that a court must accept as true all of the allegations

19  contained in a complaint is inapplicable to legal conclusions." (*Id.*)

20          **2.    Rule 9(b)**

21      A Rule 12(b)(6) motion to dismiss may also challenge a complaint's compliance with

22  Rule 9(b), which provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state

23  with particularity the circumstances constituting fraud or mistake." (Fed.R.Civ.P. 9(b); *Ves v.*

24  *Ciba-Geigy Corp.* (9th Cir. 2003) 317 F.3d 1097, 1103-04.)  Claims based on violation of

25  Business and Professions Code § 17200 must also plead facts to overcome the heightened

26  pleading requirements of Rule 9(b).  (*Khooury v. Maly's of Calif. Inc.* (1993) 14 Cal.App.4th

27  612, 619.)  This means that the complaint must allege "the who, what, when, where, and how" of

28  the alleged fraudulent conduct, (*Cooper v. Picket* (9th Cir. 1997) 137 F.3d 616, 627), and "set

1   forth an explanation as to why [a] statement or omission complained of was false and

2   misleading." (*In re GlenFed, Inc. Sec. Litig.* (9th Cir. 1994) 42 F.3d 1541, 1548.)

3   **B.   STANDING TO SEEK RESCISSION**

4   Plaintiff lacks standing because they have not tendered their undisputed obligation in full.

5   Their tender requirement applies "to any cause of action for irregularity in the sale procedure."

6   (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109.)  "[T]he law is long-

7   established that a trustor or his successor must tender the obligation in full as a prerequisite to

8   challenge the foreclosure sale.  (*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n* (1985)165

9   Cal.App.3d 1214, 1222.)  The rationale for the tender requirement has been stated as follows:

10   > *It would be futile to set aside a foreclosure sale on the technical ground that*
   > *notice was improper, if the party making the challenge did not first make full*
11   > *tender and thereby establish his ability to purchase the property.*  Thus, it is
   > sensible to require that a trustor, whose default to begin with resulted in the
12   > foreclosure, give proof before the sale is set aside the he now can redeem the
13   > property.

14   (*Id.* at 1225)(emphasis added.)  This Court has held that "[w]hen a debtor is in default of a home

15   mortgage loan, and foreclosure is either pending or has taken place, the debtor must allege a

16   credible tender of the amount of the secured debt." (Armstrong, J.).  "When a debtor is in default

17   of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must

18   allege a credible tender of the amount of the secured debt") (Armstrong, J.)  (*Periguerra v.*

19   *Meridas Capital, Inc.* (N.D.Cal., 2010) 2010 WL 395932, 3.)  Here, Plaintiff failed to plead facts

20   to allege a credible tender of the debt.

21   **C.   PLAINTIFF'S FIRST CLAIM FOR TRUTH IN LENDING ACT VIOLATIONS SHOULD BE**
22   **DISMISSED AS IT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE**
      **GRANTED**
23

24   Under TILA, a borrower has three business days following the consummation of a loan

25   transaction to rescind the transaction. *See* 15 U.S.C. § 1635(a). A borrower's right of rescission is

26   extended to three years, however, if the lender (1) fails to deliver to the borrower "all material

27   disclosures," *see* 12 C.F.R. § 226.23(a)(3), or (2) fails to deliver to the borrower "two copies of

28

1  [a] notice of the right to rescind," (*see,* 12 C.F.R. §§ 226.23(a)(3), 226.23(b)(1); *Burch v. GMAC*

2  *Mortgage, LLC* (N.D.Cal.,2010) 2010 WL 934088, 1.)

### 1.    Plaintiff's Claim for TILA Damages is Barred by Statute

4  A TILA suit for damages must generally be brought "within one year from the date of the

5  occurrence of the violation," which courts have interpreted as meaning "within a year from

6  consummation of the transaction." (*King v. California* (9th Cir.1986) 784 F.2d 910, 915.)  Here,

7  Plaintiff concedes that she entered into the Subject Loan on or about August 24, 2007

8  (Complaint, ¶ 13) but that her Complaint was not filed until November 25, 2009, well after the

9  one year deadline.  Accordingly, Plaintiff's claim for damages under TILA is statutorily barred

10  and should properly be dismissed without leave to amend.

### 2.    Plaintiff's Equitable Rescission Claim Fails

12

13  [T]he law is long-established that a trustor or his successor must tender the obligation in

full as a prerequisite to challenge of the foreclosure sale." (*U.S. Cold Storage v. Great W. Sav. &*

14
15  *Loan Ass'n, supra,* 165 Cal.App.3d 1214, 1222)( *accord Karlsen v. American Savings and Loan*

*Assoc.,* 15 Cal.App.3d 112, 117-18.)["A valid and viable tender of payment of the indebtedness
16
17  owing is essential to an action to cancel a voidable sale under a deed of trust.".] (*Alicea v. GE*

*Money Bank* ( July 16, 2009) 2009 WL 2136969, 3.)["When a debtor is in default of a home
18
19  mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a

credible tender of the amount of the secured debt" (Armstrong, J).]
20
21  Plaintiff readily concedes that she has not met the tender requirement, but claims she "her

22  ability to tender will require a refinance." (Complaint, ¶ 48.)  Though not entirely clear, Plaintiff

appears to argue that he should be excused from the tender requirement on equitable grounds,
23
24  ostensibly because of Defendants' alleged misconduct in the loan process.  Plaintiff cites no

authority to support such an argument, which is otherwise directly contrary to the "long-
25
26  established" rule "that a trustor or his successor must tender the obligation in full as a

prerequisite to challenge of the foreclosure sale." (*U.S. Cold Storage,* 165 Cal.App.3d at 1222-
27
28  23, 212 Cal.Rptr. 232; *see also Periguerra v. Meridas Capital, Inc.* (N.D.Cal., Feb.1, 2010) 2010

WL 395932 at 3)[ruling that the failure to comply with the tender requirement required dismissal of rescission claim (Armstrong, J.)]  Accordingly, Plaintiff's first claim for TILA violations should be dismissed without leave to amend.

**D.    PLAINTIFF'S SECOND CLAIM FOR RESPA VIOLATIONS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED**

In support of her RESPA claim, Plaintiff alleges that Citimortgage provided a "minimal response" to her July 3, 2009 letter attached as Exhibit "B" to her complaint.  While Plaintiff fails to attach defendant's response as an exhibit, she alleges Citimortgage failed to "properly respond" to her Qualified Written Request ("QWR") pursuant to RESPA within 60 business days of receipt of the letter.  (Complaint, ¶ 85.)  A QWR is statutorily defined as a "written correspondence [that] includes, or otherwise enables the servicer to identify, the name and account of the borrower," and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." (12 U.S.C. § 2605(e)(1) (B).)  Plaintiff has not alleged that the communication they sent meets this definition.  (*See, e.g., Velasquez v. U.S. Bank Nat. Ass'n* (C.D.Cal. July 1, 2009) 2009 WL 1941807, 4; *Delino v. Platinum Community Bank* (S.D.Cal. July 30, 2009) 2009 WL 2366513.)

Significantly, Plaintiff fails to plead what, if any, actual damages resulted from Citimortgage's alleged improper response to her QWR.  RESPA states, in pertinent part, "[w]hoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure ..." (12 U.S.C. § 2605(f)(1)(A).) "However, alleging a breach of RESPA duties alone do not state a claim under RESPA.  Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." (*Hutchinson v. Delaware Sav. Bank FSB* (D.N.J. 2006) 410 F.Supp.2d 374, 383.)  Here, the requirement that Plaintiff plead pecuniary damage is not a mere pleading formality; it is a requirement that "has the effect of limiting the cause of action to circumstances in which plaintiffs can show that a failure of notice has caused them actual harm. (*Allen v. United Financial Mortg. Corp.* (N.D.Cal.,2010) 2010 WL 1135787, 5.) Here, Plaintiff's RESPA claim fails in the absence of allegations of

1    identifiable damages attributable to a RESPA violation.

2        Absent factual allegations suggesting that Plaintiff suffered actual damages, Plaintiff's

3    RESPA claim is insufficiently pled and subject to dismissal. (*Molina v. Washington Mutual Bank*

4    (S.D.Cal. Jan.29, 2010) 2010 WL 431439, 7)[concluding that a RESPA claim was infirm

5    because the plaintiffs "failed to sufficiently plead pecuniary loss"]; (*Lemieux v. Litton Loan*

6    *Servicing, LP* (E.D.Cal. Dec.22, 2009) 2009 WL 5206641, 3)["Plaintiffs have not pled facts

7    showing they suffered actual damages. Their failure to do so defeats their RESPA claim."];

8    (*Garcia v. Wachovia Mortgage Corp.* (C.D.Cal.2009) --- F.Supp.2d ----, 2009 WL 3837621, 10)

9    [dismissing RESPA claim because Plaintiff "failed to allege damages under Section 2605".]

10   Plaintiff has not alleged any facts suggesting he sustained any actual damages as a result of a §

11   2605 violation, and his conclusory allegation that he "suffered damages" is insufficient. (*Jensen*

12   *v. Quality Loan Service Corp.* (E.D.Cal.,2010) 2010 WL 1136005, 12; *Whittle v. Wells Fargo*

13   *Bank, N.A.* (E.D.Cal.,2010). 2010 WL 682425, 5.)  Because Plaintiff fails to plead actual

14   damages as required, her second claim for RESPA violations should be dismissed without leave

15   to amend.

16       **F.   PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF FAIR DEBT COLLECTION**
         **PRACTICES ACT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON**
17       **WHICH RELIEF MAY BE GRANTED**

18       The FDCPA defines a "debt collector" as "any person who uses any instrumentality of

19   interstate commerce or the mails in any business the principal purpose of which is the collection

20   of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

21   due or asserted to be owed or due another." (15 U.S.C. § 1692a(6); *Allen v. United Financial*

22   *Mortg. Corp.* (N.D.Cal., 2010) 2010 WL 1135787, 6.)  Moreover, the FDCPA defines a "debt

23   collector" as "any person who uses any instrumentality of interstate commerce or the mails in any

24   business the principal purpose of which is the collection of any debts, or who regularly collects

25   or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

26   another." (15 U.S.C. § 1692a(6).)  However, "the law is clear that foreclosing on a property

27   pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the

28   FDCPA. (*Bogdan v. Countrywide Home Loans* (E.D.Cal., 2010) 2010 WL 1241540, 4.)[

"[F]oreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA.."](*Castenda v. Saxon Mortgage Servs., Inc.* (E.D.Cal.2009) --- F.Supp.2d ----, 2009 WL 4640673, 3; *see also Gonzalez v. First Franklin Loan Servs.* (E.D.Cal. Jan.11, 2010) 2010 WL 144862, 7)["[F]oreclosure related actions ... do not implicate the RFDCPA.."]  The conduct Plaintiff complains of concerns foreclosure related actions in connection with his residential mortgage. (*Jensen v. Quality Loan Service Corp.* (E.D.Cal., 2010) 2010 WL 1136005, 16.) Accordingly, Plaintiff's third claim for violation of Fair Debt Collection Practices Act should be dismissed without leave to amend.

### G.   PLAINTIFFS' FOURTH CLAIM FOR UNFAIR BUSINESS PRACTICES SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's fourth claim alleges violation of California Business and Professions Code § 17200, *et seq.* (Complaint, ¶¶ 104-110.)  California's Unfair Competition Law ("UCL"), Business and Professions Code section 17200, defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice."  The UCL incorporates other laws and treats violation of those laws as unlawful business practices independently actionable under state law. (*Chabner v. United Omaha Life Ins. Co.* (9th Cir. 2000) 225 F.3d 1042, 1048.)  Where a plaintiff cannot state a claim under "borrowed" law, he or she cannot state a UCL claim either. (*Ingels v. Westwood One Broadcasting Servs., Inc.* (2005) 129 Cal. App.4th 1050, 1060.)  As with a fraud cause of action above, a plaintiff alleging a section 17200 claim must state with reasonable particularity the facts supporting the statutory elements of the violation. (*Khooury v. Maly's of Calif. Inc.* (1993) 14 Cal.App.4th 612, 619.)

Here, Plaintiff's claim for Unfair Business Practices is predicated on her prior claims for alleged violation of TILA, RESPA and Fair Debt Collection statutes. (Complaint, ¶ 108.) However, because Plaintiff fails to state a claim under any of the proposed predicate claims as discussed above, her fourth claim for violation of Business and Professions Code § 17200 is properly dismissed without leave to amend.  In the unlikely event that Plaintiff does state a claim under any of the animating statutes, she nevertheless fails to state a claim under Business and Professions Code § 17200, *et seq.* due to the heightened pleading standard required for this claim

under Rule 9(b).  Accordingly, Plaintiff's fourth claim for Unfair Business Practices should be dismissed without leave to amend.

**H.    PLAINTIFF'S FIFTH CLAIM FOR SLANDER OF CREDIT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

### 1.    Claim Preempted by FCRA

Plaintiff alleges that Defendant slandered Plaintiff's credit by reporting false statements "with various credit reporting agencies" regarding Plaintiff's creditworthiness without informing that such claims were disputed." (Complaint, ¶ 114.)   The Fair Credit Reporting Act ("FCRA") expressly preempts claims for defamation, invasion of privacy, and negligence based on the reporting of credit information unless the plaintiff alleges and proves malice or willful intent to injure" him. (*See* 15 U.S.C. § 1681h(e); *Gorman v. Wolpoff & Abramson, LLP* (9th Cir.2009) 584 F.3d 1147, 1168; *citing*, *Morris v. Bank of America* (N.D.Cal., 2010) 2010 WL 761318, 8.). Here, Plaintiff fails to plead facts to support a private right of action as authorized by FCRA. Under that statute, she must prove, in addition to the common law elements of libel that the information was "false" and "furnished with malice or willful intent to injure."  (*Gorman v. Wolpoff & Abramson, LLP*, *supra,* 584 F.3d 1147, 1168.)  Plaintiff's fifth cause of action for Slander of Credit is properly preempted and should  accordingly be dismissed for failure to state a claim under the FRCA.

### 2.    Plaintiff Fails to Plead Facts to State a Claim

Plaintiff's allegations are conclusory and fail to meet the plausibility standard as discussed by the Supreme Court in Ashcroft. (*See Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868.)  Noticeably absent in the Complaint are any facts identifying what the allegedly damaging or false statements were, the parties to whom the statements were made, or what damage to Plaintiff's credit directly resulted from Defendant's statements. (*See, e.g., Lal v. American Home Servicing* (E.D.Cal. Jan.19, 2010) 2010 WL 225524, 5.)  Thus, Plaintiff's complaint does not state facts sufficient to maintain a claim for slander of credit. (*Ruiz v. National City Bank* (E.D.Cal., 2010) 2010 WL 1006412, 4.)  Therefore, Plaintiff's complaint is deficient both in alleging the state slander tort and under the "furnished with malice or willful

1    intent to injure" standard required under the FCRA.  Accordingly, Plaintiff's fifth claim for

2    Slander of Credit should be dismissed without leave to amend.

3                      **IV.**     **CONCLUSION**

4          Plaintiff's Complaint fails as a matter of law for the reasons set forth above.

5    Accordingly, Citimortgage request that its Motion to Dismiss Plaintiff's Complaint be granted

6    without leave to amend and judgment entered in favor of Citimortgage.

7

8    Dated:  April 6, 2010                      BLEDSOE, CATHCART, DIESTEL,

9                                           PEDERSEN & TREPPA, LLP

10

11                          By _____

12                                   Peter J. Van Zandt

13                                   Brian S. Whittemore

                                 Attorneys for Defendant

                                  CITIMORTGAGE, INC.

**PROOF OF SERVICE**

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party

to the within action.  My business address is 601 California Street, 16th Floor, San Francisco,

California, 94108-2805.  On the date indicated below, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS**

upon the following at the address(es) stated below:

Kimberlee A. Rode
Law Office of Kimberlee A. Rode
9284 Jackson Road
Sacramento, CA 95826
Tel:  (916) 417-4564
Fax:  (916) 244-7006
kimrode@sbcglobal.net

_____ **BY MAIL** by depositing true and correct copies in sealed envelopes in the United States
mail in accordance with the usual mailing practice of this firm.

_____ **BY PERSONAL SERVICE** in accordance with ordinary business practices during
ordinary business hours.

_____ **BY FAX** at number listed above.

**XX** ____ **BY ELECTRONIC SERVICE** Pursuant to CM/ECF System, registration as a CM/ECF
user constitutes consent to electronic service through the Court's transmission facilities.
The court's CM/ECF systems send an e-mail notification of the filing to the parties and
counsel of record listed above who are registered with the Court's EC/ECF system.

_____ **BY FEDERAL EXPRESS** overnight delivery for delivery the following business day.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on April 6, 2010 at San

Francisco, California.

_____
Charmaine Villavert

PROOF OF SERVICE