1  Kimberlee A. Rode (State Bar No. 186132)
   Law Office of Kimberlee A. Rode
2  9284 Jackson Road
   Sacramento, CA  95826
3  Telephone: (916) 417-4564
   Facsimile: (916) 244-7006
4  Email: kimrode@sbcglobal.net

5  Attorney for Plaintiff Kim Quach

6

                    UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

| Kim Quach, | Case No.: 5:09-cv-05607-PJH |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL** |
| and | |
| Citimortgage, Inc. and LENDER DOE | 1. TRUTH IN LENDING ACT VIOLATIONS (Rescission) |
| Defendants. | 2. TRUTH IN LENDING ACT VIOLATIONS (Damages) |
| | 3. RESPA VIOLATIONS |
| | 4. FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS |
| | 5. VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 |
| | 6. SLANDER OF CREDIT |
| | 7. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING. |
| | 8. NEGLIGENCE (Tort) |

## I. INTRODUCTION

1.     This is an action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, et seq.,

Bus. & Prof. Code § 17200, et seq., and other statutory and common laws in effect. Plaintiff

Kim Quach ("Plaintiff'), brings this action against Citimortgage, Inc. ("CITI") and LENDER

DOE (aka "DOE"), based, in part, on Defendants failure to properly rescind the loan of Plaintiff

pursuant to the Truth In Lending Act subjecting Plaintiff to damages.

*Law Office of Kimberlee A. Rode*
*9284 Jackson Road, Sacramento, CA  95826*
*Telephone: (916) 417-4564 * Facsimile: (916) 244-7006*

2.      Specifically, Defendants CITI and/or LENDER DOE predecessor, ABN AMRO Mortgage Group, Inc., failed to properly provide two copies each of the Notice of Right to Cancel to Plaintiff in violation of 12 C.F.R. §226.23, Reg. Z §226.4(a)(2)-1 and Reg. Z §226.4(b)(2).

3.      Defendant CITI failed to comply with the Federal Real Estate Settlement Procedures Act by properly responding to a Qualified Written Request.  12 U.S.C. §2605.

4.      Defendant CITI failed to comply with California Business and Professions Code §17200 et seq. by untimely responding to the Plaintiff's request for rescission, willfully failing to provide the name, address and telephone number of the owner of the obligation and systematically failing to act in any good faith with the Plaintiff's requests.

5.      Defendant CITI failed to comply with State Fair Debt Collection Practices by continually contacting Plaintiff after Plaintiff had requested the contact stop pursuant to State law.

## II. JURISDICTION

6.      Subject Matter Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

7.      The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over the parties in this action by the fact that Defendants are either individuals who reside in this District within California or are corporations duly licensed to do business in California.

9.      Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the named Defendants because it regularly conducts business in this judicial district.

### III. PARTIES

10.   The Plaintiff, Kim Quach, is a natural person, (hereinafter referred to as "Quach") and was at all times relevant, residing at 2569 Heron Court, San Jose, CA 95133 and the property subject to rescission is located at 247 N. Capitol Avenue, #233A, San Jose, CA 95127 (the "Subject Property").

11.   Plaintiff believes that Defendant Citimortgage, Inc. (CITI) is, or at all times relevant to this action, a corporation incorporated in the State of New York with a mailing address of P.O. Box 30509, Tampa, FL 33631 and with a registered agent for service of process in the State of California as C T Corporation System 818 West Seventh Street, Los Angeles, CA 90017.

12.   Plaintiff believes that Defendant LENDER DOE was, or at all times relevant to this action was, a domestic corporation, business entity, and/or a "Doing Business As" entity. Plaintiff does not know the true name of LENDER DOE as Defendant CITI has not provided any factual evidence, despite Plaintiffs request, that CITI identify who actually owns the obligation nor has CITI specifically identified itself as the owner of the obligation. If it is proven that someone other than CITI is the owner of the obligation, Plaintiff will amend this complaint once the identity of LENDER DOE is discovered.

### IV. PRELIMINARY ALLEGATIONS

13.   On or about August 24, 2007, Plaintiff entered into a consumer credit transaction, a first deed of trust in the amount of $265,500.00 (CITI servicing Loan Number 1119904971-6) (referred to as "Loan Transaction") with ABN AMRO Mortgage Group, Inc. in which the extended consumer credit was subject to a finance charge and which was initially payable to ABN AMRO Mortgage Group, Inc. A true and correct copy of the Note and security instrument (Deed of Trust) provided to Plaintiff by ABN AMRO Mortgage Group, Inc. is attached as Exhibit "A" .

14.     Said obligation paid off a previous obligation of the Plaintiff which required the Plaintiff to make application and qualify for the new loan from ABN AMRO Mortgage Group, Inc.   In making said loan, Defendants are aware of the financial circumstances of Plaintiff and if Defendants and/or their predecessor did not comply with the Truth In Lending Act, paid off the previous loan of Plaintiff and if the Plaintiff exercised her rescission, they could foreclose the Plaintiff's ability tender without a modification of the tender process.

15.     ABN AMRO Mortgage Group, Inc. was required to provide Plaintiff certain disclosures pursuant to the TILA and Reg. Z.

16.     Plaintiff's loans are subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z") as ABN AMRO Mortgage Group, Inc. was a "creditor" pursuant to said Act.

17.     TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions.  This three-day right to cancel applies to Plaintiff's loans with ABN AMRO Mortgage Group, Inc. now serviced by CITI  as this loan was a re-finance on the Plaintiff's principal residence.

18.      Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a).

19.     If the required notices of cancellation (Notice of Right to Cancel) are not provided or provided inaccurately, then the right to cancel extends to three years after the date of the loan. 15 U.S.C. § 1635(f).

20.     If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

21.     A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business or upon notice to the assignee of the creditor.

22.     Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

23.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

24.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 15 C.F.R. § 226.23(d).

25.     By a letter dated July 3, 2009 (Exhibit "B" attached and incorporated herein by reference), Plaintiff notified ABN AMRO Mortgage Group, Inc. and CITI (and LENDER DOE through their agent CITI) that they were making a Qualified Written Request under RESPA, pointed out the deficient notice of right to cancel under the Truth In Lending Act and that Plaintiff was rescinding their loan pursuant to the Truth In Lending Act.

26.     ABN AMRO Mortgage Group, Inc. was required to provide Plaintiff with two copies each of a completed Notice of Right to Cancel at the time of consummation or at the time of giving the final disclosures.

27.     ABN AMRO Mortgage Group, Inc. violated TILA by failing to provide Plaintiff with two copies of their Notice of Right to Cancel on each loan.

28.     Said failure to provide the proper notices allows Plaintiff to rescind the loans as to the assignees, Defendants herein.

29.     Plaintiff pleads alternative theories related to who owns the obligation of Plaintiff, who is the creditor and who is the assignee.

30.     It is plausible that CITI is the owner of the obligation and holds an unrecorded interest in the Plaintiff's loan as they have been collecting payments on the loan, acting as the owner and despite Plaintiffs request for information on who is the owner, have not provided any information of anyone else is the owner.

31.     Equally plausible, CITI is may be the servicing agent for a securitized pool, of which some other third party trustee is most likely the owner of the obligation.  It is a common business practice that CITI acts merely as loan servicing agent.

32.     If CITI, is merely a loan servicing agent, under common law agency, we believe that CITI is jointly and severely liable for damages related to this action as they have failed to identify their principal (for whom they act as agent for).

33.     Under common law and Restatement of Agency, if an agent has actual or apparent authority, the agent will not be liable for acts performed within the scope of such authority, <u>so long as the relationship of the agency and the identity of the principal have been disclosed</u>. When the agency is undisclosed or partially disclosed, however, both the agent and the principal are liable.

### FIRST CAUSE OF ACTION TRUTH IN LENDING ACT FOR RESCISSION AGAINST ALL DEFENDANTS
**(Violations of Truth in Lending Laws)**
**(Order directing CITI to comply with 15 U.S.C. § 1641)**

34.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

35.     15 U.S.C. § 1601, et seq., is the Federal Truth in Lending Act ("TILA"). The Federal Reserve Board of Governors implements the Federal Truth in Lending Act through Regulation Z (1C.F.R. § 2) and its Official Staff Commentary. Compliance by lenders with Regulation Z became mandatory October 1, 1982. Likewise, Official Staff Commentary issued by the Federal Reserve Board is also binding on all creditors.

36.     The purpose of TILA is to protect consumers. This is stated in 12 C.F.R. § 226.1, which reads:

> § 226.Authority, purpose, coverage, organization, enforcement and liability... (b) Purpose. The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling.

37.     Reg. Z also mandates very specific disclosure requirements regarding home loans with which creditors, must comply:

> § 226.17. General disclosure requirements. (a) Form of disclosures. (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under § 226.18.

38.     CITI failed to comply with Plaintiff's request for the name, address and telephone number of the true note holder as requested in the Plaintiff's July 3, 2009 (Exhibit B) letter pursuant to 15 U.S.C. § 1641.

39.     While Plaintiff is pleading alternative theories related to CITI being the owner of the obligation or a servicing agent, if CITI is merely the loan servicing agent, CITI has held itself out as the note holder and is keeping the identity of the true note holder from Plaintiff which Plaintiff believes is a fraudulent act (referencing the tort of negligence plead later in this complaint) as they are making an intentional misrepresentation and actively concealing known the fact:

    a.  CITI is required to disclose said information pursuant to 15 U.S.C. § 1641.

    b.  CITI was not the true note holder at the time requested and recklessly claimed it was, knowing it was not true.

    c.  CITI knew that Plaintiff would rely on said statements as fact, thereby believing any remedy they proposed was done so by the true note holder.

    d.  Plaintiff was not aware that said representation was false.

e.   Plaintiff has been harmed in that they have had to bring this action to enforce their rights and will continue to be harmed until they can obtain the name and contact information of the true owner of the note through discovery.

40.   Pursuant to 15 U.S.C. 1641, any civil action that may be brought against any creditor may also be brought against any assignee of the creditor.

a.   Typically such liability is limited to errors apparent on the face of the disclosure statement (15 U.S.C. 1641(e).

b.   However, 15 U.S.C. 1641(c) states that the assignee is subject to the rescission rights of the consumer even if there was not any error apparent on the face of the disclosures.

41.   CITI/LENDER DOE's loan to Plaintiff violates TILA because ABN AMRO Mortgage Group, Inc. failed to provide the Plaintiff the required two copies each of the Notice of Right to Cancel for the Plaintiff's loan with the accurate information as required by the statute.

42.   As a result of the failure to provide accurate and true copies of the Notice of Right to Cancel for the Loan Transaction, Plaintiff was entitled to the extended three year right to rescind the Loan Transaction and did in fact exercise that right.

43.   Plaintiff contends that upon receipt of the Notice of Right to Cancel, the next steps required were required by CITI and LENDER DOE.  Specifically, the Official Staff Commentary to Regulation Z states under § 226.23(d)(3):

*Reflection of security interest termination.  The creditor must take whatever steps are necessary to indicate that the security interest is terminated. Those steps include the cancellation of documents creating the security interest, and the filing of release or termination statements in the public record. In a transaction involving subcontractors or suppliers that also hold security interests related to the credit transaction, the creditor must insure that the termination of their security interests is also reflected.* **_The 20-day period for the creditor's action refers to the time within which the creditor must begin the process. It does not require all necessary steps to have been completed within that time, but the creditor is responsible for seeing the process through to completion_**.

44.     Plaintiff contends that Defendant did not begin the process as stated above and did not make a request for tender nor provide an accounting for a tender but instead ignored the Plaintiff's request for rescission.

45.     By failing to act on the rescission request within the 20 days as required by 15 U.S.C. §1635, Plaintiff was additionally harmed by the reduction in property value.

46.     In addition, CITI is reporting the credit of Plaintiff negatively, which is additionally harming Plaintiff.

47.     Plaintiff contends that the amount required to tender is in dispute requiring judicial determination.  Defendants have not offered any amount to tender but have merely ignored the request.

48.     Plaintiff is ready, willing and able to tender from a refinance, funds from savings and assistance by family members once the court makes a judicial finding of the amount to tender.

49.     Plaintiff requests that the court modify the rescission process consistent with the legislative intent of returning the parties to the status quo ante by granting the Plaintiff equal opportunity to seek a refinance, which was done in the original transaction, as part of any rescission process.

50.     As part of that modification of the process, Plaintiff requests that the court require from Defendants that they remove all negative credit reporting effective with the date rescission requested in order for Plaintiff to secure a refinance.

        a.  Plaintiff, under a rescission, is not required to pay any further finance charge pending the rescission under TILA and is consistent with returning the parties to status quo ante.

51.     Currently, Defendants are putting every impediment in the way to prevent a tender completely inconsistent with the rescission requirements of 15 U.S.C. §1635.

a.   Defendants know that by not acting on the request in a declining market causes further harm to Plaintiff and their ability to tender.

b.   Defendants are reporting a loan delinquency on this loan when they know that by reporting the negative credit, the Plaintiff's ability to tender will become much more difficult.

c.   Defendants have not told Plaintiff the amount they deem is necessary to tender.

d.   Plaintiff requests that any weighing of equity related to tender should take into account Defendants impediment of reporting negative credit of Plaintiff while loan is pending a rescission.

52.   As Plaintiff contends that the amount to tender is in dispute and that Plaintiff requires the court to determine the amounts necessary to tender and does hereby request the court to make a declaratory judgment on the amount required to tender and provide the Plaintiff with a reasonable period of time to tender the amount the court so determines.

53.   Plaintiff alternatively requests, in light of CITI's behavior of delays and negative credit reporting, Plaintiff proposes the court exercise its equitable modification powers and to promote judicial economy to return the parties to as close to a "status quo ante" as possible by doing either of the following:

a.   Allowing the Plaintiff to return the property securing the loan to CITI and or LENDER DOE in exchange for full rescission of the loan transaction.

b.   For the court to determine the amount of the tender obligation in light of all of the Plaintiff's claims, and order the Defendants to accept tender on reasonable terms and over a reasonable period of time.

54.   Plaintiff contends that Defendants are engaging in an unlawful and unfair manner, as stated herein, knowing they will make tender a major issue of the rescission request thereby systematically rewarding their bad behavior of not properly acting on the request required within

the law and foreclosing on the property even though their actions were intended to further harm Plaintiff.

55.     The Statute of Limitations for rescission of a loan transaction is three years from the date of consummation.  15 U.S.C. § 1635(f).

   a.   The letter of rescission attempted to mitigate damages to Defendant in that it offered rescission and alternative methods to resolve the rescission without litigation.

   b.   Plaintiff did so in a belief they were obligated to attempt to mitigate the damages to Defendant.

56.     The notice was timely sent within the 3 years.

57.     Plaintiff requests the application of equitable tolling, as the letter was sent before the 3 years was to expire.

58.     Equitable Tolling is applicable in this case as the Plaintiff:

   a.   Gave timely notice of her rescission notice within the 3 year statute of limitations.

   b.   The offer of mitigating damages by offering alternative to rescission was not prejudicial to Defendant but was actually a benefit which would have reduced financial harm to the Defendant.

   c.   In doing so, the Plaintiff acted in extreme good faith toward the Defendant by attempting to mitigate damages.

59.     Defendants did not act upon Plaintiff's attempt to mitigate damages or act in good faith towards a resolution.

60.     Plaintiff alleges that the improper providing of rescission forms is a prevalent problem in the lending industry, known by CITI, LENDER DOE and ABN AMRO Mortgage Group, Inc., of which they willfully fail to put in place proper controls to ensure their obligations under the Truth In Lending Act, i.e. providing rescission rights and notices, is properly met by their agents and the predecessors in interest they employ.

61.    Plaintiff's extended right to rescind on the first deed of trust was in effect on July 3, 2009 when Plaintiff validly rescinded the transaction by sending to CITI, LENDER DOE's agent, the demand for rescission as alleged herein  (Exhibit B).

62.    Said demand was sent directly to the owner of the obligation, CITI, or to the servicing agent of LENDER DOE, CITI, who is authorized to receive notices on behalf of LENDER DOE under California agency laws and pursuant to the Truth In Lending Act.

63.    A true and correct copy of the Notices of Right to Cancel which failed to comply with the Truth In Lending Act are attached as Exhibit C.

64.    The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).

65.    As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.).

66.    The security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. Also, strict construction of Regulation Z would dictate that the voiding be considered absolute.

67.    TILA rescission does not only cancel a security interest in the property but it also cancels any liability to pay finance and other charges, including accrued interest, points, broker fees, closing costs and provides that the creditor and/or assignee must refund all fees paid.

    a.    This includes all payments made on the loan to date that did not involve a reduction in the principal balance of the loan.  CITI has not provided these amounts to the Plaintiff.

68.    Plaintiff requests the court grant Declaratory Relief perfecting that Plaintiff timely rescinded their loan within the statutory 3 year period pursuant to 15 U.S.C. §1635.

69.     Plaintiff requests the court grant injunctive relief against CITI and LENDER DOE preventing enforcement of the security interest of the subject loan until final disposition of this action.

70.     Plaintiff requests that the court order CITI to comply with Plaintiff's request for the name, address and telephone number of the true note holder as requested in the Plaintiff's July 3, 2009 (Exhibit B) letter pursuant to 15 U.S.C. § 1641.

### SECOND CAUSE OF ACTION TRUTH IN LENDING ACT
### FOR DAMAGES AGAINST ALL DEFENDANTS
**(Violations of Truth in Lending Laws)**

71.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

72.     Pursuant to 15 U.S.C. 1641, any civil action that may be brought against any creditor may also be brought against any assignee of the creditor.

73.     By failing to act on the rescission request within the 20 days as required by 15 U.S.C. §1635, Plaintiff was additionally harmed by the reduction in property value.

74.     In addition, CITI is reporting the credit of Plaintiff negatively, which is additionally harming Plaintiff.

75.     Plaintiff was denied rescission and damaged under 15 U.S.C. §1640 and was forced to file this suit to address Defendant's failure to do their part under the rescission process.

    a.  Damages include, but are not limited to, loss in value of the subject property from the time Defendants were required to act on the rescission request and the ultimate time tender will be completed.

    b.  Statutory damages.

    c.  Attorneys fees.

76.     Plaintiff alleges that the improper providing of rescission forms is a prevalent problem in the lending industry, known by CITI, LENDER DOE and ABN AMRO Mortgage Group, Inc., of which they willfully fail to put in place proper controls to ensure their obligations under the

Truth In Lending Act, i.e. providing rescission rights and notices, is properly met by their agents and the predecessors in interest they employ.

77.    Plaintiff contends that creditors and assignees compliance with providing proper and completed rescission forms to consumers is a relatively simple task with proper controls but that creditors and assignees are negligently failing to meet their obligations.

78.    Plaintiff is in an unequal status with Defendants as they can readily write checks for the amount of the Plaintiffs loan with ease and hire extensive legal counsel to protect their interests whereas the Plaintiff has limited means and resources in which the legislature specifically enacted TILA to protect the consumer, a special class of person, who is in this unequal position.

79.    Plaintiff contends that Defendants are exploiting this unequal position of the parties by completely ignoring Plaintiff's request for rescission thereby forcing litigation at great expense which forecloses consumers from the consumer protections Congress enacted.

80.    Plaintiff further contends, while not their responsibility but the responsibility of the creditor, they lack the proper expertise to properly calculate business days as on information and belief, business day for rescission purposes is different than a lay persons belief of what a business day is and therefore needs a complete form with the actual dates completed to be given proper disclosure of when their right to cancel begins and ends.

81.    CITI/LENDER DOE's failure to rescind the loan and take the action necessary and appropriate to reflect the termination of the security interest within 20 days after Plaintiff's rescission of the transaction violated the Truth In Lending Act.

82.    Pursuant to 15 U.S.C. § 1640, Plaintiff has one year from the refusal by CITI/LENDER DOE (or their agent) to file suit for damages, attorney's fees and costs and by this complaint, has done so.

83.    While the Plaintiff properly rescinded the loan within the 3 year statute of limitations for said remedy, Defendant CITI and LENDER DOE were obligated to act on the request and see it

to completion, which they did not do, therefore Plaintiff hereby requests damages, costs and attorney fees pursuant to both 15 U.S.C. §1635 and 15 U.S.C. §1640.

84.     Non-compliance with the rescission request is a violation of the act which gives rise to a claim for actual and statutory damages under 15 USC §1640.

85.     TILA rescission does not only cancel a security interest in the property but it also cancels any liability to pay finance and other charges, including accrued interest, points, broker fees, closing costs and provides that the creditor and/or assignee must refund all fees paid.

86.     This includes all payments made on the loan to date that did not involve a reduction in the principal balance of the loan.  CITI has not provided these amounts to the Plaintiff.

87.     Plaintiff requests damages from Defendants for the amount in the reduction in property value from the time Defendants should have acted on the rescission request until the date actual tender transpires.

88.     Plaintiff requests damages from LENDER DOE in any other alternative relief the court deems fit and proper to effectuate the self executing process of 15 U.S.C. §1635.

89.     Plaintiff requests damages from CITI and LENDER DOE in the form of the all costs and attorney fees incurred related to this action as allowed by 15 U.S.C. §1640.

90.     Plaintiff requests statutory damages from CITI and LENDER DOE of $4,000.00 for failing to rescind the loan as required by TILA.

91.     Plaintiff requests damages from CITI and LENDER DOE for the return of all fees, interest and finance charges related to the LENDER DOE loan.

### THIRD CAUSE OF ACTION FOR REAL ESTATE SETTLEMENT PROCEDURES ACT VIOLATIONS AGAINST ALL DEFENDANTS
**(Violations of Real Estate Settlement Procedures Act,
12 U.S.C. § 2601 et seq. – Failing to Properly Respond to a QWR)**

92.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

93.     Pleading alternative theories, CITI is the agent of the owner of the obligation of LENDER DOE.

94.     Violation of RESPA applies to servicing agents related to their servicing activities.

95.     LENDER DOE, as the principal to their agency with CITI is liable for the acts of their agent under agency law and such, Plaintiff contends that both LENDER DOE and CITI are jointly and severally liable for damages stated herein.

96.     The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") was enacted on December 22, 1974.

97.     RESPA applies to "federally related mortgage loans," which is defined at 12 U.S.C. § 2602(1).  RESPA initially applied only to certain first liens on residential real property.  On October 28, 1992, the law was amended to cover subordinate liens and loans used to prepay or pay off an existing loan secured by the same property.  12 U.S.C. § 2602(1); 24 C.F.R. § 3500.2.

98.     Plaintiff's July 3, 2009 letter (Exhibit B) was sent via a Certificate of Mailing with the United States Post Office.

99.     CITI provided a minimal response that included copies of minimal documents but did not address the rescission or provide who the true owner of the obligation is.

100.    Plaintiff's request is consistent with a Qualified Written Request under 12 U.S.C. § 2605(e), which imposes upon "loan servicers" the duty to timely respond to a "qualified written request" from a borrower.

101.    A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that –

     a.   includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

b. includes a statement of the reasons for <u>the belief of the borrower</u>, not the belief of the servicer, to the extent applicable, that the account is in error **<u>or provides sufficient</u>** **<u>detail to the servicer regarding other information sought by the borrower</u>**.

102. To date, CITI has failed to properly respond to Plaintiff's Qualified Written Request pursuant to RESPA within 60 business days of receipt (12 U.S.C. 2605(e)(1)(A)) from their July 3, 2009 letter, which was sent via a Certificate of Mailing with the United States Post Office.

103. 12 U.S.C. §2605(e)(2) requires a loan servicer to take certain action within 60 days of receipt of a qualified written request. Such action may include:

a. providing the borrower with a written explanation or clarification that includes . . .

i. information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

ii. the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower. 12 U.S.C. § 2605(e)(2).

104. Plaintiff contends that CITI routinely fails to respond to Qualified Written Requests on the loans they service.

105. Plaintiff has been harmed because they were unable to name the real party in interest to this suit because Defendants failed to properly respond to the QWR.

106. Pursuant to 12 U.S.C. 2605 (f), Plaintiff is entitled to actual damages, statutory penalty of $1,000.00 and attorney fees and costs from both CITI and LENDER DOE.

**<u>FOURTH CAUSE OF ACTION FOR FAIR DEBT COLLECTION PRACTICES ACT</u>** **<u>VIOLATIONS AGAINST ALL DEFENDANTS</u>** **Rosenthal Fair Debt Collection Practices Act** **California Civil Code §§ 1788-1788.32)**

107. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

108. Pleading alternative theories, CITI is the creditor under RFDCPA or is the agent of the owner of the obligation of Lender Doe.

109. Defendants are debt collectors under the RFDCPA.

110. The Rosenthal Fair Debt Collection Practices Act in § 1788.17 requires that all debt collectors, as defined under § 1788.2(c), which includes a creditor or anyone else collecting a debt on behalf of others, must comply with the provisions of 15 U.S.C. §1692b -§1692j and subject to the remedies of 15 U.S.C. § 1692k.

111. Plaintiff contends that Citi is collecting a debt under the RFDCPA pursuant to 1788.2(d) as the subject loan transaction meets the definition as contained in said statute as is it a loan of money:

*(d) The term "debt" means money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person.*

112. Plaintiff contends that CITI is collecting a consumer credit transaction under the RFDCPA pursuant to 1788.2(e) as the subject loan transaction meet the definition as contained in said statutes in that the loan was used for personal, family or household purposes:

*(e) The term "consumer credit transaction" means a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes.*

113. Plaintiff contends that CITI is collecting a consumer debt and or consumer credit under the RFDCPA pursuant to 1788.2(f) as the subject loan transaction meets the definition as contained in said statutes in that the loan was a consumer credit transaction:

*(f) The terms "consumer debt" and "consumer credit" mean money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.*

*114.* Plaintiff contends that CITI is a person under the RFDCPA pursuant to 1788.2(g) in the subject loan transaction as they meet the definition as contained in said statutes:

*(g) The term "person" means a natural person, partnership, corporation, limited liability company, trust, estate, cooperative, association or other similar entity.*

115.   Defendant CITI received the Plaintiffs letter dated July 3, 2009 (Exhibit "B" and incorporated herein by reference). Plaintiff's letter stated, in part:

> *"In addition, Ms. Quach is asserting her rights under Section 805 of the Federal Fair Debt Collections Practices Act and the California Rosenthal's Fair Debt Collection Practices Act in that they are advising you that all communications cease in relation to the debt except in the form of a written response to the request contained in this letter or those allowed per the statute."*

116.   The letter was consistent with the their TILA rescission claim which terminates all finance charges on the account which thereby renders any obligation to continue payments as inconsistent with 15 U.S.C. §1635.

117.   Despite said notification, Defendant EMC repeatedly contacted Plaintiff attempting to collect the debt by a high volume of phone calls and written correspondence.

    a.   Documented phone calls (partial list):
        i.   8/5 8:39 am
        ii.   8/6 10:45 am
       iii.   8/7 8:47 am
       iv.   8/8 8:11 am
        v.   9/11 9:51 am
       vi.   9/12 11:57 am
      vii.   9/13 11:59 am
     viii.   10/2 4:12 pm
       ix.   11/3 8:46 am
        x.   11/4  9:43 am
       xi.   11/5 10:23 am
      xii.   11/9 8:13 am

118.   All of the above calls were collection calls and none were done in connection with a non-judicial foreclosure but were done for the sole purpose of collecting payments.

119.   Violations of the RFDCPA are a common complaint against CITI which support that ignoring the RFDCPA is the common business practice of Defendants.

120.   Such violation is a willful disregard for the rights of the Plaintiff and pursuant to California Civil Code § 1788.30 Plaintiff is entitled to actual damages, statutory penalty of no less than $100.00 and no more than $1,000.00 and actual attorney fees.

121.   Plaintiff further requests injunctive relief to stop CITI calls harassing the Plaintiff and their agent.

122.   Plaintiff contends that CITI does not have in place reasonable procedures necessary to avoid such a violation and it is their common practice to improperly contact consumers in violation of the RFDCPA beyond the Plaintiffs herein and their acts were therefore willful and they should not be allowed to avoid said damages and awards by claiming their acts were merely a bona fide error.

**FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES**
**AGAINST ALL DEFENDANTS**
**(Violation of California's Unfair Competition Law,**
**Bus. & Prof. Code §17200 et seq.)**

123.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

124.   The Court has jurisdiction over this action pursuant to Business and Professions Code §§ 17200 et seq., specifically Business and Professions Code § 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code Section 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public.

125.   Pleading alternative theories, CITI may have the been the owner of the obligation or the servicing agent, and LENDER DOE was acting as the owner of the obligation, who is in the business of providing and servicing residential mortgages to the general public and was acting within the scope of that business with regard to the loan transactions provided to Plaintiff.

126. For purposes of status, CITI's status and owner of the obligation or as a servicing agent is unknown as CITI has not informed Plaintiff of their true status despite requesting under a Qualified Written Request under RESPA who actually owns the obligation.

127. As set forth above under the First through Fourth Causes of Action, CITI and LENDER DOE violated TILA, RESPA and Fair Debt Collection statutes.

128. Since Plaintiff rescinded their loan in July 3, 2009, CITI has continually engaged in harassment of the Plaintiff, communicated regarding the debt, invaded the privacy of Plaintiff and reported negative credit of Plaintiff, all the while never responding to Plaintiff request for rescission and Qualified Written Request.

129. WHEREFORE, Plaintiff prays for judgment for rescission, damages, attorney fees and any other relief the court deems fit and proper.

### SIXTH CAUSE OF ACTION AGAINST
### ALL DEFENDANTS
### (Slander [Libel] of Credit)

130. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

131. For purposes of status, CITI's status and owner of the obligation or as a servicing agent is unknown as CITI has not informed Plaintiff of their true status despite requesting under a Qualified Written Request under RESPA who actually owns the obligation.

132. LENDER DOE, if applicable, as the principal to their agency with CITI is liable for the acts of their agent under agency law and as such, Plaintiff contends that both LENDER DOE and CITI are jointly and severally liable for damages stated herein.

133. Plaintiff contends that since the loan was rescinded pursuant to the TILA, the Fair Credit Report Act is not applicable to the parties as the underlying loan was rescinded and therefore the Plaintiff no longer has a credit transaction with the Defendants.

134.   Plaintiff contends that CITI has caused to be published with various credit reporting agencies false statements regarding the Plaintiff's creditworthiness without informing that such claims were disputed.

135.   Plaintiff contends that CITI has caused to be published, when not allowed per law (RESPA as a Qualified Written Request was pending) negative credit information regarding the Plaintiff's creditworthiness.

136.    Plaintiff allege that the actions and inactions of the Defendant have impaired their credit history causing them to lose the ability to have good credit entitling them to damages, including statutory damages pursuant to state and federal law, all to be proved at the time of trial.  More important, said actions, by Defendants, were intended to impair the credit of the Plaintiff to keep Plaintiff from successfully tendering the amounts owed under the Truth In Lending Act as such good credit rating is necessary and vital to properly tender.

137.   Specifically, for the period of July 3, 2009 to present, Defendants (or their agents) have reported to the three major credit bureaus, Equifax, Experian and Transunion.

138.   Plaintiff has had credit lines terminated or reduced from other creditors as a direct result of Defendants improper credit reporting.

### SEVENTH CAUSE OF ACTION AGAINST LENDER DOE
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

139.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

140.   Pleading alternative theories of who the owner of the obligation is, CITI and/or LENDER DOE's (and their principals and agents acting on their behalf) predecessor entered into written agreements with Plaintiff based upon the term on the loan as stated in the Note.

141.   CITI and/or LENDER DOE have an obligation to act in good faith and fair dealing as provided for in Section 205 of the Restatement Second of Contracts.  Said restatement states:

>   *"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."*

142.   Plaintiff contends that both Defendants and Plaintiff have an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

143.   Plaintiff contends that the covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith.

144.   Plaintiff contends that the covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.

145.   The Notice of Right to Cancel was prepared and created by Defendants' predecessor, and applicable to Plaintiff's loan, did not disclose, and by omission, failed to inform Plaintiff what the rescission period was in violation of TILA as alleged herein.

146.   Despite Plaintiff calling to the Defendants' attention the rescission problems and Plaintiff making an offer to resolve the issue by negotiation, Defendant did not engage in the slightest effort of good faith to resolve the issue with Plaintiff.

147.   Defendant unfairly interfered with Plaintiff's rights to receive the benefits of the contract, which includes consumer protection statutes such as TILA and RESPA.

148.   Plaintiff, on the other hand, did all of those things the contract required of them under the terms of the loan transactions, including exercising their rights under various consumer protection statutes such as TILA and Fair Debt Collection Practices, which are required to be followed in contracts subject to those statutes.

149.   At all times relevant, LENDER DOE unreasonably denied Plaintiff the benefits promised to them under the terms of the Note, including providing a proper Notice of Right to Cancel.

150.   Plaintiff contacted Defendants on July 3, 2009 pointing out defects in their contract, proposed a solution and made the requests under statutory authority.  Defendants did not comply with the statutory requests or engage in any good faith effort to resolve the issue.

151.   Knowing the truth and motivated by profit and market share, Defendants have knowingly and willfully breached the implied covenant of good faith and fair dealing by engaging in the acts and/or fraudulent omissions to mislead and/or deceive Plaintiff and others similarly situated as alleged herein.

152.   Defendant's breaches, as alleged herein, were committed with willful and wanton disregard for whether or not Plaintiff or others similarly situated could exercise their consumer rights (TILA, RESPA and Fair Debt Collection) and merely dismissed their requests, which is not reasonable.

153.   Defendants are placing their corporate and/or individual profits over the rights of others is particularly vile, base, contemptible, and wretched and said acts and/or omissions were performed on the part of officers, directors, and/or managing agents of each corporate defendant and/or taken with the advance knowledge of the officers, directors, and/or managing agents who authorized and/or ratified said acts and/or omissions. Defendants thereby acted with malice and complete indifference to and/or conscious disregard for the rights and safety of others, including Plaintiff and the General Public.

154.   At all times relevant, Defendants conduct, as alleged herein, was malicious, oppressive, and/or fraudulent.

155.   As a result of Defendant conduct, Plaintiff has suffered harm as proven hereto before and to be proven at trial.

156.   WHEREFORE, Plaintiff is entitled to declaratory relief, all damages proximately caused by LENDER DOE's breach of the implied covenant of good faith and fair dealing as alleged

herein, actual damages, pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

## EIGHTH CAUSE OF ACTION FOR NEGLIGENCE (TORT) AS TO ALL DEFENDANTS
### (Common Law and California Civil Code §1714(a))

157.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

158.   Under Common Law and California Civil Code §1714(a) a Defendant is liable to a Plaintiff for damages caused by the negligence of Defendant.

159.   To be liable, Citi/Lender DOE must owe a legal duty of care to a Plaintiff. By various statutes Citi/Lender DOE violated those statutes and is thereby strictly liable for the damages caused therein.

   a.   Defendant herein, Citi, as previously stated, was required under 15 U.S.C. §1635 to respond to Plaintiffs request for rescission within 20 days and did not.

160.   To be liable, Citi/Lender DOE must conduct an act or omission by defendant that is a breach of the duty owed to Plaintiff.

   a.   Defendant herein, Citi/Lender DOE, as previously stated, was required under 15 U.S.C. §1635 to respond to Plaintiffs request for rescission within 20 days and did not.

161.   To be liable, the Plaintiff must sustain some injury and damages.

   b.   Plaintiff has had to file suit to invoke the consumer protections Citi/Lender DOE is obligated by statute to provide at great financial expense.

   c.   Plaintiff has had their credit harmed.

162.   To be liable, Citi/Lender DOE breach must be a proximate cause of Plaintiff's injury and damage.

   a.   Since Citi/Lender DOE obligation were based on statutes which they violated, Citi/Lender DOE is strictly liable as there is a presumption of negligence when a Defendant violates a statute, ordinance or regulation.

163.   Plaintiff contends that Citi/Lender DOE did not act reasonably with intent to obey the law.

164.   Plaintiff further contends that pursuant to California Civil Code §2338, principals are vicariously liable for the torts of their agents while transacting business of the agency.

165.   As a result of Defendants' conduct, Plaintiff has suffered harm as proven hereto before and to be proven at trial.

166.   WHEREFORE, Plaintiff is entitled to all damages proximately caused by Defendant's negligence as alleged herein, costs of suit and other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

A. For actual damages according to proof;

B. For compensatory damages as permitted by law;

C. For consequential damages as permitted by law;

D. For statutory damages as permitted by law;

E. For rescission;

F. For equitable relief, including restitution;

G. For restitutionary disgorgement of all profits Defendant obtained as a result of their unfair competition;

H. For interest as permitted by law;

I. For Declaratory Relief;

J. For Injunctive Relief;

K. For reasonable attorneys' fees and costs; and

L. For such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38, Plaintiff Kim Quach hereby demands a jury trial on all issues triable by jury.


Dated:  June 9, 2010          By:  /s/ Kimberlee A. Rode
                                   Kimberlee A. Rode, Attorney for
                                   Kim Quach

**<u>Exhibit List</u>**

| Exhibit A | Copy of Note and Deed of Trust on First Deed of Trust |
|-----------|-------------------------------------------------------|
| Exhibit B | Rescission Letter dated 03/10/2009 |
| Exhibit C | Copies of Notice of Right to Cancel received by Plaintiff. |