\*\* E-filed August 12, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIM QUACH, | No. C09-05607 HRL |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| CITIMORTGAGE, INC., and LENDER DOE, | [Re: Docket No. 29] |
| Defendants. | |

This action arises out of a mortgage loan involving plaintiff Kim Quach ("Quach"), ABN AMRO Mortgage Group, Inc. ("ABN") and defendant Citimortgage, Inc. ("Citimortgage"). On or about August 24, 2007, Quach entered into a $265,500 mortgage loan with ABN. (Docket No. 28 ("Second Amended Complaint" or "SAC"), ¶ 13.) The loan paid off a previous obligation and was secured by a deed of trust on Quach's residential property in San Jose, California. (SAC, ¶¶ 13 & 14.)

Nearly two years later, on or about June 3, 2009, Mortgage Litigation Consultants, on behalf of Quach, sent to both ABN and Citimortgage a purported "qualified written request" pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA"), which notified them that Quach wished to rescind the loan. (SAC, ¶ 25; SAC, Ex. B (the "July 3 Letter").) The letter also demanded that all communications relating to collection on Quach's loan cease, pursuant to the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 *et seq*. ("RFDCPA").

After their purported failure to properly respond to her letter, Quach filed this action against Citimortgage, alternatively as owner of the obligation and/or servicer of the loan. (SAC, ¶¶ 29-31.) In her Second Amended Complaint, Quach alleges causes of action for (1) violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), (2) RESPA, (3) the RFDCPA, (4) California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ("UCL"), (5) slander of credit, (6) breach of implied covenant of good faith and fair dealing, and (7) negligence.[1] Citimortgage filed the instant motion to dismiss her complaint for failure to state a claim upon which relief may be granted. (Docket No. 29 ("Motion").)

**LEGAL STANDARD**

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55 (2007). Yet only plausible claims for relief with survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff]

---

[1] Quach filed her original complaint in November 2009 and Citimortgage filed a motion to dismiss thereafter. (Docket Nos. 1 & 16.) Quach did not respond to Citimortgage's motion, but, instead, filed an untimely First Amended Complaint. (Docket No. 20.) Judge Hamilton granted Citimortgage's motion but gave Quach leave to file a second amended complaint. Quach did, but she incorrectly titled it as her "First Amended Complaint." (Docket Nos. 24 & 28.) Because Quach should have filed a "Second Amended Complaint," this Court shall refer to the operative complaint as such.

can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)), *amended on other grounds by* 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

**DISCUSSION**

1. TILA Rescission Claim

In her first cause of action, Quach contends that she is entitled to rescind her loan under TILA, which grants borrowers the right to rescind a loan transaction within three years of its consummation if a lender fails to deliver to the borrower (1) "all material disclosures," 12 C.F.R. § 226.23(a)(3), or (2) "two copies of [a] notice of the right to rescind," 12 C.F.R. §§ 226.23(a)(3), 226.23(b)(1). *See* 15 U.S.C. § 1635(f). Quach's alleges that Citimortgage failed to properly provide her with two copies of the Notice of Right to Cancel forms. (SAC, ¶¶ 2, 25-28, 41 & 63.)

Citimortgage challenges Quach's claim by arguing that she has not alleged that she has the present ability to tender the loan proceeds.[2] (Motion at 4-5.) Quach does not allege that she can do

---

[2] Citimortgage also argues that Quach does not have standing to seek rescission because she has not met the tender requirement. However, the cases it cites for this proposition are cases where the plaintiff claims wrongful foreclosure. *See Periguerra v. Meridas Capital, Inc*., No. C 09-4748 SBA, 2010 WL 395932, at *3 (N.D. Cal. 2010); *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal.App.3d 1214 (1st Dist. 1985). That is not the situation here, at least as described in the complaint.

3

so presently, but says that she is "ready, willing and able to tender from a refinance, funds from savings and assistance by family members." (SAC, ¶ 48.)

Under TILA, after the rescission process has begun and "[u]pon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor . . . ." 15 U.S.C. § 1635(b). Based on this step in the process, Citimortgage contends that "'the majority of Courts to address this issue recently have required that borrowers allege an ability to tender the principal balance of the subject loan in order to state a claim for rescission under TILA.'" (Motion at 5.)

Citimortgage's argument is based on the Ninth Circuit's ruling in *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003). In that case, the Ninth Circuit determined that a district court may alter the rescission procedures set out in TILA and has "discretion to condition rescission on tender by the borrower of the property he had received from the lender." *Id*. at 1171 (internal quotation marks and citation omitted). Whether the district court should do so "depends upon the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies [TILA] and the remedial-penal nature of the private enforcement provisions of [TILA]." *Id*. (internal quotation marks and citation omitted).

District courts within the Ninth Circuit have adopted different understandings of *Yamamoto*; one line of cases reads it to require a plaintiff to plead the present ability to tender the loan proceeds in order to survive a motion to dismiss, while another line holds that it does not. *See Kakogui v. Amer. Brokers Conduit*, No. C09-4841 JF (HRL), 2010 WL 1265201, at *4 (N.D. Cal. Mar. 30, 2010) (collecting cases).

Even rulings within this District have come out differently. Judge Fogel, for instance, found "the second line of cases more persuasive to the extent that they appear to be more consistent with the liberal pleading standard[s]," but agreed with the reasoning of the first line of cases because "'it was not the intent of Congress the reduce the mortgage company to an unsecured creditor'" and "'[r]escission is any empty remedy without [the plaintiff]'s ability to pay back what she has received." *Id*. at *5 (internal citations omitted). To that end, he granted a similar motion to dismiss,

United States District Court
For the Northern District of California

4

allowing the plaintiff leave to amend but requiring him "to allege either the present ability to tender the loan proceeds or the expectation that he will be able to tender within a reasonable time." *Id*.

Judge Seeborg, on the other hand, has emphasized that *Yamamoto* "cannot be read to vest district courts discretion to require some plaintiffs to plead an extra element in their TILA complaints, but not to require it of others." *Botelho v. U.S. Bank, N.A.*, 692 F.Supp.2d 1174, 1180 (N.D. Cal. 2010). Using its discretion to require a plaintiff to represent an ability to tender the loan proceeds would, in effect, "confer upon the district court the discretionary power to add, in particular cases and based on uncertain criteria, an item to the list of elements required to state a rescission claim." *Id*. He noted that *Yamamoto* was decided at the summary judgment stage, so the district court in that case was able properly consider evidence about whether the plaintiff could tender the amount owed. *Id*. In denying a defendant's motion to dismiss, Judge Seeborg explained that, at the pleading stage, this reading of *Yamamoto* is not only consistent with the liberal pleading standards of Rule 8 and but is also the "most workable practice," since "[i]t is hard to see on the bare pleadings whether to require a given plaintiff to allege an extra element of a claim in order to proceed any further with his or her suit."[3] *Id*. at 1181.

This Court agrees with Judge Seeborg: At least at the pleading stage, *Yamamoto* does not require a court to require a plaintiff to allege a present ability to tender the full loan proceeds. As such, Quach's TILA rescission claim shall not be dismissed.

2. <u>TILA Damages Claim</u>

Quach's second cause of action is for damages under TILA. Citimortgage argues that Quach's claim is barred because she did not bring it within one year from the consummation of the loan in August 2007. 15 U.S.C. § 1640(e); *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Citimortgage would be correct if Quach's claim was based upon Citimortgage's alleged failure to properly provide her with two copies of the Notice of Right to Rescission. It is not. Quach's claim is instead based upon Citimortgage's failure act on her rescission request within 20 days of receiving the July 3 Letter in violation of 15 U.S.C. § 1635(b). (SAC, ¶¶ 73-75 & 81-84.)

---

[3] Judge Seeborg nevertheless noted that "[a]lthough Yamamoto does not sanction dismissal, at the pleading stage, for failure to allege ability to tender, these considerations come into play in the summary judgment context." *Botelho v. U.S. Bank, N.A.*, 692 F.Supp.2d at 1181 n.3.

5

1   As she filed her action roughly four months later in November, her TILA damages claim is not time
2   barred and shall not be dismissed. *See Cook v. Wells Fargo Bank*, No. 09cv2757 WQH (NLS),
3   2010 WL 1289892, at *3 (S.D. Cal. Mar. 26, 2010) (denying Wells Fargo's motion to dismiss
4   plaintiffs' TILA damages claim because they filed within one year of Wells Fargo's alleged failure
5   to respond to plaintiffs' notice of rescission); *see also Perenon v. Paul Financial, LLC*, No. C 10-
6   01504 WHA, 2010 WL 2572878 (N.D. Cal. June 24, 2010).

       3.   <u>RESPA Claim</u>

In her third cause of action, Quach alleges that Citimortgage, as purported servicer of her loan, failed to "properly respond" to her "qualified written request" — the July 3 Letter — within 60 days as required under RESPA. Specifically, she alleges that Citimortgage "provided a minimal response that included copies of minimal documents but did not address the rescission or provide who the true owner of the obligation is." (SAC, ¶ 99.)

       i.   <u>Whether Quach Alleged a "Qualified Written Request"</u>

Citimortgage moves to dismiss Quach's RESPA claim on several grounds. It first argues that Quach failed to allege that the July 3 Letter is in fact a "qualified written request" (Motion at 6), which is defined as a "written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that — (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower," 12 U.S.C. § 2605(e)(1)(B).

Quach alleges that, by the July 3 Letter, she notified ABN and Citimortgage that she made "a Qualified Written Request under RESPA, [which] pointed out the deficient notice of right to cancel" and that she wished to rescind her loan. (SAC, ¶ 25.) This letter, which is attached to her complaint, provides Quach's name, the address of her property, the addresses of where the letter was sent, and the ABN and Citimortgage loan numbers. (SAC, Ex. B at 1.) The letter also makes clear that Quach claimed that she believed the Notice of Rights to Cancel forms were incomplete and thus providing the basis for her ability to rescind. (*Id*. at 1-2.)

Citimortgage cites cases where courts have dismissed RESPA claims for failure to allege sufficient facts to support a plaintiff's claim that he or she sent a qualified written request. But unlike the plaintiffs in those cases, Quach actually attached to her complaint the communication which she alleges is her "qualified written request" (the July 3 Letter), and that communication meets the definition under RESPA. *See Delino v. Platinum Community Bank*, No. 09-CV-00288-H (AJB), 2009 WL 2366513, at * 3 (S.D. Cal. July 30, 2009) (noting that the plaintiff failed to attach any of her purported qualified written requests to her complaint and only made conclusory allegations that they met the definition); *see also Velasquez v. U.S. Bank Nat. Ass'n*, No. CV 09-1104 PSG (AJWx), 2009 WL 1941807, at *4 (C.D. Cal. July 1, 2009). As such, her RESPA claim will not be dismissed on this ground.

ii. <u>Whether Quach Alleged that Citimortgage is a "Loan Servicer"</u>

Citimortgage next argues that Quach failed to allege that Citimortgage was a loan "servicer" during any relevant time, which is critical since only a loan servicer need respond to a qualified written request. 12 U.S.C. § 2605(e). A loan servicer is "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). "Servicing," in turn, is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

In her complaint, Quach alternatively pleads that Citimortgage is the owner of the obligation and/or servicer of the loan. (SAC, ¶¶ 29-31.) For example, she alleges that it is "plausible" that Citimortgage "may be the serving agent for a securitized pool" whereby a third party is the actual owner of the obligation. (SAC, ¶ 31.) However, she fails to state facts to support this conclusory allegation. For instance, Quach does not allege that Citimortage engaged in any servicing-type conduct, such as receiving any of Quach's loan payments. *See* 12 U.S.C. § 2605(i)(3); *Gusenkov v. Washington Mutual Bank, F.A.*, No. C09-04747 SI, 2010 WL 2612349, at *4 (N.D. Cal. June 24, 2010). Her RESPA claim fails on this basis.

7

### iii. Whether Quach Alleged Damages

Defendants further contend that Quach failed to allege any actual damages. Under RESPA, a plaintiff may recover any actual damages as a result of the failure to respond to a qualified written request, along with "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1). Thus, RESPA has been interpreted to require a showing of pecuniary damages in order to state a claim. *See Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006) (finding that "[p]laintiffs must, at a minimum, also allege that the breach resulted in actual damages"); *see also Herrera v. Countrywide Homes Loans*, No. C10-00902 JF (HRL), 2010 WL 1839010, at *5 (N.D. Cal. May 4, 2010); *Reynoso v. Paul Financial, LLC*, No. 09-03225 SC, 2009 WL 3833298, at *7 (N.D. Cal. Nov. 16, 2009).

Quach alleges that Citimortgage "routinely fails to respond to Qualified Written Requests on the loans [it] service[s]," and that she has been harmed since it did not respond and provide her with "the real party in interest to this suit." (SAC, ¶¶ 104-105.) As such, she seeks actual damages, the $1,000 "statutory penalty," and attorney's fees and costs. (SAC, ¶ 106.) Quach's allegations, however, are conclusory, and she has not alleged any other facts showing how she suffered harm or how Citimortgage "routinely fails" to respond to borrower's requests. *See Gusenkov v. Washington Mutual Bank, F.A.*, 2010 WL 2612349, at *5. Accordingly, Quach's RESPA fails on this basis as well and shall be dismissed with leave to amend.

### 4. RFDCPA Claim

Quach's fourth cause of action alleges that Citimortgage did not refrain from contacting her about her outstanding loan payment in violation of the RFDCPA. (*See* SAC, ¶ 107-122.) To be liable under the RFDCPA, a defendant must be a "debt collector." *Izenberg v. ETS Services, LLC,* 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008) (citing *Heintz v. Jenkins,* 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)). A "debt collector" under the RFDCPA is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." CAL. CIV. CODE § 1788.2(c). In her complaint, Quach simply alleges: "Defendants are debt collectors under the RFDCPA." (SAC, ¶ 109.) Aside from this obviously

8

1  conclusory statement, though, Quach does not provide any facts to suggest that Citimortgage
2  regularly engages in debt collection in the ordinary course of its business.  In fact, she does not even
3  allege that it was Citimortgage that made the collection calls.[4]  Her RFDCPA claim fails for this
4  reason and shall be dismissed with leave to amend.  *See Rosal v. First Fed. Bank of California*, 671
5  F.Supp.2d 1111, 1135 (N.D. Cal. 2009).

  5.   Unfair Competition Law Claim

Quach's fifth cause of action alleges violations of California's Unfair Competition Law, which prohibits "unlawful, unfair or fraudulent" business practices.  CAL BUS. & PROF. CODE § 17200.  Although she does not so specify, it appears that Quach's UCL claim is based on either of the "unlawful" or "unfair" prongs of the UCL and not the "fraudulent" prong as she alleges that Citimortgage violated TILA, RESPA, and the RFDCPA and has continually harassed her, communicated regarding the debt, invaded her privacy, reported negative credit for her, and never responded to the July 3 Letter.  (SAC, ¶¶ 127-28.)  Citimortgage argues that Quach's claim fails because (1) her underlying TILA, RESPA, and RFDCPA claims fail, and (2) she otherwise failed to meet the heightened pleading standards under Federal Rule of Civil Procedure 9(b).  (Motion at 9.)

As for Citimortgage's first argument, under the "unlawful" prong of the UCL, violations of almost any federal, state, or local law may form the basis for a UCL claim.  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) ("By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.") (quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 539-40 (1999)).  Quach's claims are based on the alleged violations of TILA, RESPA, and the RFDCPA, and her TILA claims, at least at this stage, survive.  As such, her UCL claim will not be dismissed on this ground.

As for its second argument, "[i]t is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action."  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003).  "Fraud is not an essential element of [the UCL]," *Qarbon.com*

---

[4] In her complaint, Quach alleges that "Defendant EMC" — not Citimortgage — called her no less than 12 times attempting to collect on her debt.  (SAC, ¶ 117-18.)  Although she explained in her opposition that this was a "typo" (Docket No. 33 ("Opp'n") at 17), her complaint nevertheless says "Defendant EMC," which is not the name of any party to this action.

9

*Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1051 (N.D. Cal. 2004) (citation omitted), but where a plaintiff's claim nevertheless is "grounded in fraud," the heightened pleading requirements of Rule 9(b) will apply. *Vess v. Ciba-Geigy Corp.*, 317 F.3d at 1103-04.

Quach's TILA rescission claim is based on Citimortgage's alleged failure to properly provide her with two Notice of Right to Cancel forms, and her TILA damages claim is based on Citimortgage's alleged failure to respond to her rescission request. Neither of these claims are "grounded in fraud," so her UCL claim need not have been pled with particularity under Rule 9(b) and shall not be dismissed.[5]

6. <u>Slander of Credit Claim</u>

In her sixth cause of action, Quach alleges that Citimortgage "has caused to be published with various credit reporting agencies false statements regarding [her] creditworthiness without informing that such claims were disputed" as well as "negative credit information." (SAC, ¶¶ 134-35.) As a result, her credit lines have been "terminated or reduced." (SAC, ¶ 138.) Citimortgage argues that Quach's slander claim is preempted by the Fair Credit Reporting Act ("FCRA") and also that she does not allege sufficient facts to state a claim.

The FCRA preempts certain state law defamation actions. Indeed, "[e]xcept as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation . . . against any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). So, unless a plaintiff alleges that a defendant acted with "malice or willful intent to injure," a state law defamation claim based on credit reporting activities is expressly preempted by the FCRA. *See Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1025-28 (9th Cir. 2009); *Steinmetz v. General Elec. Co.*, No. 08 CV 1635 JM (AJB), 2009 WL 3461133, at *4 (N.D. Cal. Oct 22, 2009). "Malice" requires a showing that the publication was made (1) with knowledge that it was false or (2) with reckless disregard for its truth, the latter supported by a showing that the defendant in fact entertained serious doubts as to the truth of the publication. *See Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d at 1028 (citations omitted).

---

[5] Nor do Quach's insufficient claims under RESPA or the RFDCPA appear to be "grounded in fraud," for that matter.

Here, it appears that Quach has attempted to allege that Citimortgage acted with malice and her claim is therefore not preempted by the FCRA.[6] Specifically, she alleges that Citimortgage "intended to impair [her credit] to keep [her] from successfully tendering the amounts owed" in relation to her desired rescission under TILA. (SAC, ¶ 136.)

That said, the Court believes that her malice allegation is nevertheless inadequate. "To satisfy the pleading requirement of a common law defamation claim permissible under 15 U.S.C. § 1681h(e), a plaintiff must offer more than conclusory, non-descriptive phrases." *Abouelhassan v. Chase Bank*, 2007 WL 3010421, at *4 (citation omitted). "Instead, the plaintiff must allege facts sufficient to support a claim that the defendant was acting with 'reckless disregard for the truth.'" *Id*. (citing *McGary v. Univ. of San Diego,* 154 Cal.App.4th 97, 64 Cal. Reptr.3d 467 (4th Dist. 2007)). Quach fails to do so: she offers no facts to support her claim that how Citimortgage was reckless, nor does she allege what the purportedly false statements were. Without more, Quach's slander of credit claim fails, and it shall be dismissed with leave to amend.

7. <u>Breach of Implied Covenant of Good Faith and Fair Dealing Claim</u>

In her seventh cause of action, Quach alleges that Citimortgage breached the implied covenant of good faith and fair dealing, which she contends applies in every contract. (*See* SAC, ¶¶ 139-156.) However, Citimortgage rightly points out that the Supreme Court of California has held that the <u>tort</u> of breach of the covenant of good faith and fair dealing applies only with regard to insurance contracts. *Freeman & Mills, Inc. v. Belcher Oil Co*., 11 Cal.4th 85, 102, 44 Cal.Rptr.2d 420, (Cal. 1995) (The "general rule preclud[es] tort recovery for noninsurance contract breach, at least in the absence of violation of 'an independent duty arising from principles of tort law' . . . .")

---

[6] The Court notes that a 2002 case in this District, *Davis v. Maryland Bank*, No. 00-4191, 2002 WL 32713429 (N.D. Cal. June 19, 2002), held that the general FCRA preemption provision, 15 U.S.C. § 1681t(b)(1)(F), preempts <u>all</u> state claims falling within the coverage of the FCRA's duties regarding furnishers of credit information, including those involving malicious and willful tortious conduct. Another case, though, came to a different conclusion. *Gorman v. Wolpoff & Abramson, LLP*, 370 F.Supp.2d 1005 (N.D. Cal. 2005). In it, Judge Ware explained: "The Court is not persuaded by the logic of *Davis* because it violates a canon of statutory construction by allowing a general statute to trump a specific statute." *Gorman v. Wolpoff & Abramson, LLP*, 370 F.Supp.2d at 1010. He thus determined that the more specific preemption provision at 15 U.S.C. § 1681h(e) should govern preemption of common law defamation and negligence claims. This Court finds Judge Ware's reasoning to be more persuasive. *See also Abouelhassan v. Chase Bank*, No. C 07-03951 JF (PVT), 2007 WL 3010421, at *4 n.7 (N.D. Cal. Oct. 12, 2007).

11

(internal citation omitted). This is not such a context, and Quach has not alleged (and the Court is skeptical that she can) anything to suggest that a special relationship existed and created an independent duty upon Citimortgage. As such, her claim shall be dismissed with leave to amend.

8. <u>Negligence Claim</u>

Quach's eighth and final cause of action is for negligence. To state a claim for negligence, a defendant must have had a legal duty of use due care. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917-18 (1996). Quach alleges that Citimortgage had a duty under TILA. (SAC, ¶ 159; Opp'n at 22.) But lenders and loan servicers generally do not owe a legal duty to their borrowers. *See Shepherd v. Amer. Home Mortg. Servs., Inc.*, No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009); *Nymark v. Heart Fed. Sav. & Loan Ass'n.*, 231 Cal.App.3d 1089, 1096 (1991). And Quach does not allege facts to suggest that a special relationship existed between the Citimortgage and her. Her claim shall therefore be dismissed with leave to amend.

## CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Citimortgage's motion. Specifically, Citimortgage's motion is DENIED with respect to Quach's first, second, and fifth causes of action and GRANTED with respect to Quach's third, fourth, sixth, seventh, and eighth causes of action, which are dismissed without prejudice. Quach may file a Third Amended Complaint within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: August 12, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C09-05607 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Brian Stratton Whittemore | bwhittemore@bledsoelaw.com |
| Kimberlee Anne Rode | kimrode@sbcglobal.net, dpereira@loandefects.com |
| Peter James VanZandt | pvanzandt@bledsoelaw.com, bwhittemore@bledsoelaw.com, cvillavert@bledsoelaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**